El Pueblo *v.* García Et Al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 6.—Resuelto en Mayo 5, 1903.

Pliego de Excepciones.—Errores Manifiestos en Autos—.Para que un acusado pueda hacer uso, en una apelación, de los errores cometidos por

---

THE PEOPLE *v.* GARCÍA ET AL.

APPEAL from the District Court of San Juan.

No. 6.—Decided May 5, 1903.

BILL OF EXCEPTIONS.—ERROR APPARENT FROM THE RECORD.—A defendant in order to avail himself of an error committed by a trial court, unless such error is apparent from the record, must enter his objections during the trial and cause the errors of the lower court to be set out in a bill of exceptions which must be settled and signed by the court pursuant to sections 295 and 296 of the Code of Criminal Procedure.

APPEAL.—BILL OF EXCEPTIONS.—In an appeal for error if a duly settled bill of exceptions does not appear in the record, it must be presumed that the

la Corte de Distrito, es necesario que haya tomado excepciones durante el juicio y que dichos errores se hagan constar en los autos por medio de un pliego de excepciones, debidamente firmado por la Corte, de acuerdo con los artículos 295 y 296 del Código de Enjuiciamiento Criminal, á no ser que los expresados errores resulten, de modo aparente, de los autos de la causa.

ID.—Cuando en los autos de una apelación no constare el pliego de excepciones el Tribunal de Apelación tiene que presumir que las actuaciones de la Corte de Distrito son correctas y legales, y que su sentencia ha sido dictada por virtud de pruebas suficientes.

Los hechos están expresados en la opinión.

Abogado del apelante : *Sr. Falcón.*

Abogado del apelado : *Sr. del Toro*, Fiscal.

EL JUEZ ASOCIADO SR. SULZBACHER, emitió la siguiente opinión del Tribunal :

La presente es una apelación contra una sentencia dictada por la Corte de Distrito de San Juan en la causa criminal seguida por el delito de perjurio contra Romualdo García é Ildefonso Martinez. De los autos que obran en esta Corte y de los hechos que aparecen en la sentencia dictada por la referida Corte de Distrito, resulta que dichos Romualdo García é Ildefonso Martinez prestaron en el Colegio Electoral número 5 de San Juan, correspondiente al Distrito Electoral de esta Ciudad, una declaración jurada, fechada en Octubre 28 de 1902, ante J. Bazán, Juez de Paz de San Francisco, declarando y afirmando que no teniendo Angel Pereira la edad que la ley exige para votar, su nombre debía ser eliminado de la lista de electores inscritos para la elección que había de verificarse el 4 de Noviembre de 1902, y que por dicha razón el citado individuo carecía del derecho de sufragio en el día de la elección. La Corte juzgó á dichos Romualdo García é Ildefonso Martinez culpables del delito de perjurio y condenó á cada uno de ellos á la pena de un año de presidio y al pago de las costas por mitad. Los acusados apelan ante este Tribunal contra la sentencia antes mencionada, y presentan escrito de apelación, en el cuál mencionan varios supuestos errores cometidos por la Corte de Distrito. A fin de que un acusado pueda en su

proceedings were correct and legal, and that the judgment appealed from was rendered on sufficient evidence.

The facts are stated in the opinion.

*Mr. Falcón,* for appellant.

*Mr. del Toro,* (Fiscal), for respondent.

MR. JUSTICE SULZBACHER delivered the following opinion of the court:

This is an appeal from a judgment rendered by the District Court of San Juan in the criminal case prosecuted against Romualdo García and Ildefonso Martinez for the crime of perjury. From the record on file with the court and the facts as set forth in the judgment rendered by the district court, it appears that said Romualdo García and Ildefonso Martinez presented at voting place No. 5, San Juan appertaining to the electoral district of this City, an affidavit dated October 28, 1902, made before J. Bazán, Justice of the Peace of San Francisco, declaring and affirming that whereas Angel Pereira had not reached the legal voting age, his name should be struck from the list of voters registered for the election to be held on November 4, 1902, since the aforesaid person was for this reason without the right of suffrage on the day of election. The court adjudged that said Romualdo García and Ildefonso Martinez were guilty of the crime of perjury and sentenced each to one year of imprisonment in the penitentiary and each to pay one half the costs. The defendants took an appeal to this court from the aforesaid judgment and in their notice of appeal mention several errors alleged to have been committed by the district court. In such an appeal as this one, a defendant in order to make use by way of defence, of any error committed by the district court, unless such error is apparent from the record, must enter his objections during the trial and cause the errors of the lower court to be set out in the record by means of a bill of exceptions which must be settled and signed by the court, in accordance with the provisions of sections 295 and 296 of the Code of Criminal Procedure.

apelación hacer uso para su defensa, de algún error come-
tido por la Corte de Distrito, á ménos que dicho error re-
sulte aparente en los autos, es necesario que presente sus
objeciones legales durante el juicio y que haga constar en
los autos los errores del Tribunal inferior, por un pliego de
excepciones, que debe firmar la Corte, conforme lo disponen
los artículos 295 y 296 del Código de Enjuiciamiento Crimi-
nal.   Si dicho pliego de excepciones no consta en los autos,
este Tribunal tiene que presumir que las actuaciones de la
Corte de Distrito fueron correctas y legales y que la senten-
cia de dicha Corte de Distrito fué dictada mediante prue-
bas suficientes.   No pudiendo este Tribunal descubrir nin-
gún error aparente en los autos, queda por la presente con-
firmada la sentencia de la Corte de Distrito y sin lugar la
apelación de los acusados, con cuya decisión están conformes
los Sres. Jueces que componen este Tribunal.

*Confirmada.*

Jueces concurrentes: Sres. Presidente, Quiñones, y Aso-
ciados, Figueras y MacLeary.

El Juez Asociado Sr. Hernández no formó Tribunal en la
vista de este caso.